IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **CHRISTOPHER JARVIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 2:17-cv-396-WKW-DAB |
| ) | |
| **T. BRITT TAYLOR,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## REPORT AND RECOMMENDATION

Plaintiff Christopher Jarvis filed a Complaint in this Court against Defendants T. Britt Taylor, Norman Chandler, James R. Johnson, and Taylor Chandler, LLC ("Taylor Chandler") (collectively, "Defendants"), alleging claims of breach of implied covenant of good faith, fraudulent inducement, negligence, breach of contract, tortious interference with contract, tortious interference with business relationships, wantonness, civil conspiracy, and accounting. (Docs. 1, 6). Defendants filed a counter-claim against Plaintiff alleging three counts of breach of contract, breach of fiduciary duty, negligence, breach of loyalty, and fraud and suppression. (Doc. 10).

This matter is before the court on Plaintiff's motion to dismiss the counterclaims for breach of loyalty, negligence, and fraud for failure to state a claim upon which relief can be granted. (Doc. 13). The motion is fully briefed and the arguments are taken under submission on the record without oral argument.

**I.   JURISDICTION**

Subject matter jurisdiction is conferred by 28 U.S.C. § 1332 as to the parties' state law causes of action. The parties do not contest personal jurisdiction or venue, and there are adequate allegations to support both. *See* 28 U.S.C. § 1391. On June 29, 2017, this matter was referred to the undersigned by U.S. Chief District Judge W. Keith Watkins for disposition or recommendation on all pretrial matters. (Doc. 4). *See also* 28 U.S.C. § 636(b); Rule 72, Fed. R. Civ. P.; *United States v. Raddatz,* 447 U.S. 667 (1980); *Jeffrey S. v. State Board of Education of State of Georgia,* 896 F.2d 507 (11th Cir. 1990).

## II.   BACKGROUND AND STATEMENT OF FACTS[1]

Plaintiff was a life insurance broker who owned a company called Jade Risk, LLC ("Jade Risk") with its principal place of business in Texas. (Doc. 10 at ¶¶ 6, 10). On July 1, 2016, Defendants purchased Jade Risk from Jarvis[2] pursuant to the terms of a Membership Interest Purchase Agreement. *Id.* at ¶ 9. Defendants Taylor Chandler hired Plaintiff as an employee simultaneously with the aforementioned sale. *Id*. at ¶ 15. As part of the sale of Jade Risk, Plaintiff provided Defendants with a spreadsheet for a 2016 forecast of Jade Risk clients that included 58 clients, of which, Defendants allege that "19 were entirely fabricated by" Plaintiff. *Id*. at ¶ 18. Defendants further alleged that Plaintiff suppressed from Defendants that he "planned on shutting down 24 of the other [clients] by the end of 2016." *Id*. at ¶ 19. "As part of the closing, [Plaintiff] also executed a

---

[1] These are the facts for purposes of recommending a ruling on the pending motions to dismiss; they may not be the actual facts and are not based upon evidence in the court's record. They are gleaned exclusively from the allegations in Defendants' Counter-claim.
[2] Jade Risk was also owned by a "passive owner" named Lawrence Anderson who has not been made a party to this case.

Membership Interest Purchase Agreement (the 'Purchase Agreement'), an employee agreement (the 'Employee Agreement'), and a restrictive covenants agreement (the 'Restrictive Covenants Agreement')." *Id*. at ¶ 32. Defendants allege that Plaintiff engaged in a number of actions that "violated the aforementioned provisions of the Purchase Agreement, the Employment Agreement, and the Restrictive Covenants Agreement." *Id*. at ¶ 57.

### III.   STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the Complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must take "the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining

3

whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663 (alteration in original) (citation omitted). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The standard also "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" of the claim. *Twombly*, 550 U.S. at 556. While the complaint need not set out "detailed factual allegations," it must provide sufficient factual amplification "to raise a right to relief above the speculative level." *Id.* at 555.

"So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Twombly*, 550 U.S. 558 (quoting 5 Wight & Miller § 1216, at 233-34 (quoting in turn *Daves v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 645 (D. Haw. 1953)) (alteration original). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).

> "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

*Iqbal*, 556 U.S. at 679.

4

## IV.  DISCUSSION

**A. Breach of Loyalty**

Plaintiff argues that "Breach of Loyalty is not a recognized cause of action under Alabama law." (Doc. 13 at 4). Defendants argue in response that "under Alabama law individuals subject to a fiduciary duty owe both 'a duty of care and a duty of loyalty to the corporation.' *Davis v. Dorsey*, 495 F. Supp. 2d 1162, 1170 (M.D. Ala. 2007) (citing Richard A. Thigpen, *Alabama Corporation Law* § 10:2 (3d ed. 2003)). The duty of loyalty, under Alabama law, is specifically defined as the '"duty to act honestly for the corporation's best interest and to avoid acts of self-dealing."' *Id*." (Doc. 23 at 8). Defendants further cite Thigpen for the proposition that "in shareholder actions," a "breach of the duty of care is essentially a negligence cause of action while a breach of the duty of loyalty relates more to the law of fraud." Thigpen, *Ala. Corp. Law* at § 10:12 (citations omitted). Neither party suggests that this is a shareholder action.

The parties fail to cite any Alabama statute or case law establishing the elements of a claim of "duty of loyalty" or specifically identifying "duty of loyalty" as recognized (or disclaimed) as an independent cause of action under Alabama law. Moreover, to the extent that the Court might view Defendants' cited authority as evidence of such a cause of action, Thigpen states that a "duty of loyalty" claim "relates more to the law of fraud," which Defendants otherwise allege in Count VII. (Doc. 10 at ¶¶ 106-117).  Further, even were the Court to view "duty of loyalty" as somehow applicable to non-shareholder actions, distinct from the claim of fraud, yet cognizable under Alabama law related to the

5

law of fraud, Defendant's claim does not allege Count VI with any particularity. Accordingly, Plaintiff's motion to dismiss is due to be granted as to Defendants' claim of "breach of loyalty."

### B. Negligence

Plaintiff argues that "the negligence claim is nothing more than a rote recital of elements that is insufficient under federal law to withstand a 12(b)(6) dismissal." (Doc. 13 at 5). Specifically, Plaintiff argues that "[t]here are no facts even pled that would create a duty flowing from Jarvis to the Defendants (apart from the contractual and fiduciary duties that have been alleged) giving rise to a claim from negligence." *Id.*

Defendants argue in response that "that Plaintiff owed an independent duty to Defendants beyond those owed in contract." (Doc. 23 at 4). Specifically, Defendants argue that "Plaintiff negligently suppressed information from Defendants, ([Doc. 10] at ¶18-19), he disclosed confidential and proprietary information (*Id.* at ¶53-54), he diverted company resources to his own use (*Id.* at ¶58-59, 61-62), and he negligently maintained possession of company property after his employment ended. (*Id.* at ¶72)." (Doc. 23 at 5).

However, in reviewing Count I of the Counter-claim, Defendants specifically allege that Plaintiff "breached the Employment Agreement, among other reasons, by failing to promote the interests of the Company and preserve existing clients by encouraging captive clients to dissolve and form new limited liabilities companies that could purchase life insurance policies from Jarvis or his related entities including Jarvis

Tower." (Doc. 10 at ¶ 76). In Count II, Defendants allege that Plaintiff "used Confidential Information about the captive clients of Jade to promote Jarvis Tower to persuade them to shut down so that he could establish LLCs that would purchase life insurance products from Jarvis to the detriment of the Companies in violation of Section 2 of the Restrictive Covenants Agreement." (Doc. 10 at ¶ 83).

As to the pleading of Count V of the Counter-claim itself, Defendants' allegations are, in their entirety, as follows:

> 96. Counter-Claim Plaintiffs/Defendants adopt all proceeding allegations as if incorporated fully herein.
>
> 97. Jarvis owed a duty to Counter-Claim Plaintiffs/Defendants.
>
> 98. Jarvis's actions, as previously pled, breached this duty.
>
> 99. Jarvis's breach was the proximate cause of the injury to Counter-Claim Plaintiffs/Defendants.
>
> 100. Counter-Claim Plaintiffs/Defendants were injured by Jarvis' negligent actions.

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Count V is, on its face, a formulaic recitation of elements with no discernable effort to distinguish the alleged duty, breach, harm, or damages in any way from those otherwise pleaded as breaches of contract, fiduciary duty, fraud, or suppression. The only duty not otherwise pleaded in other counts is the allegation that Plaintiff "maintained possession of company property after his

employment ended (Doc. 10 at ¶ 72), which would sound in conversion, not negligence. Accordingly, Plaintiff's motion to dismiss Count V is due to be granted.

### C. Fraud and Suppression

Plaintiff next argues that "Defendants have also failed to plead the circumstances of fraud and mistake alleged against Jarvis, which support their common law fraud and suppression claims, with the required particularity under federal law." (Doc. 13 at 6). Specifically, Plaintiff argues that

> [t]he failure of these claims is that Defendants do not identify the captives they claim Jarvis "knew" he would "shut down" prior to the transaction, or how he knew that they would shut down. … Defendants apparently know the number of captives that fall into this category, which they allege to be 24 total. Counterclaims [Doc. 10] at ¶ 18. Moreover, Defendants allege that this group of captives that Jarvis was setting up to fail are included on a spreadsheet where a larger number of customers and prospects were listed, which Jarvis sent to Defendants ahead of the transaction. *Id*. at ¶¶ 16-18. But Defendants fail to identify which of the entities of that spreadsheet were the ones that Jarvis knew would fail, and ultimately helped fail.

(Doc. 13 at 7).

> In order to survive a motion to dismiss, Plaintiffs' claims of fraud under § 10(b) and Rule 10b–5 also must satisfy the requirements of Fed.R.Civ.P. 9(b). Rule 9(b) provides:
>
>> "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."
>
> Fed.R.Civ.P. 9(b). "The particularity rule serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants 'against spurious charges of immoral and fraudulent behavior.'" *Durham v. Bus. Management Assocs.,* 847 F.2d 1505, 1511 (11th Cir.1988) (quoting *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.,* 742 F.2d 786, 791 (3d Cir.1984)). The application

8

> of Rule 9(b), however, "must not abrogate the concept of notice pleading." *Id.* Rule 9(b) is satisfied if the complaint sets forth "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Brooks v. Blue Cross and Blue Shield of Florida, Inc.,* 116 F.3d 1364, 1371 (11th Cir.1997) (internal quotation omitted).

*Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (footnote omitted).

In response, Defendants argue:

> As to the who, what, when, and how: "[Plaintiff] represented in negotiations over the purchase of Jade Risk and in a spreadsheet provided to the Company that there were over 58 captives either currently managed by Jade Risk, engaged for 2016, or committed for 2016. Of the 8 captives identified as "Engaged for 2016," none existed. Of the 11 captives identified as "Committed for 2016," none existed. These 19 captives were clearly created by Jarvis to increase the purchase price of Jade Risk. Of the 38 captives that generated revenue for Jade Risk over the entire year of 2016, 22 have been shut down or are planning to shut down. Of those 22, 10 have been reformed in Alabama. The remaining 12 have been shut down (9) or will be shut down (3) without any reason provided to the owners of Jade Risk. As of the beginning of June, 2017, there are 24 total Jarvis originated captives that have generated revenue in 2017 . . . . Jarvis also communicated with clients and owners of captives and advised them to shut down whereby they formed limited liability companies who Jarvis proposed to sell life insurance or coordinated with another advisor to sell the life insurance." (Doc. 10 (Counter-Claim) at ¶ 107-111, 113).
>
> As to intent: "Jarvis knew prior to the closing that he intended to close several of the captives . . .Jarvis knew the statements were false when circulated and [when he] published them." (Doc. 10 (Counter-Claim) at ¶ 112, 114).

(Doc. 23 at 6-7).

Reading the Counter-claim in its entirety and construing the facts alleged in the light most favorable to Defendants as the non-moving party, Defendants have satisfied

9

the specificity requirements of Rule 9(b), and the specific entities should be identified as part of Defendants' initial exchanges pursuant to Rule 26(b). Because Defendants have sufficiently pleaded a fraudulent misrepresentation claim against Plaintiff according to the requirements of Federal Rule of Civil Procedure 12(b)(6) and Rule 9(b), the undersigned concludes that Plaintiff's motion to dismiss or, alternatively, for judgment on the pleadings, is due to be denied.

## V.     CONCLUSION AND RECOMMENDATION

Accordingly, for the reasons as stated, it is the **RECOMMENDATION** of the Magistrate Judge that Plaintiff's motion to dismiss the aforementioned Counter-claims against him (Doc. 10) is due to be **GRANTED IN PART**. As to Defendants' claim of "Breach of Loyalty," that claim is due to be dismissed with prejudice. As to Defendants' claim of Negligence against Plaintiff, that claim is due to be dismissed without prejudice. As to Defendants' claims of Fraud and Suppression, Plaintiff's motion to dismiss is due to be **DENIED**.

It is **ORDERED** that the parties shall file any objections to this Recommendation on or before **February 27, 2018.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

**DONE** and **ORDERED** this 12th day of February 2018.

/s/ David A. Baker
David A. Baker
United States Magistrate Judge