IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER JARVIS, | ) |
|     Plaintiff/Counter-Defendant, | ) ) ) |
| v. | )   Case No.: 2:17-cv-396-ALB-SRW |
| TAYLORCHANDLER, LLC, T. BRITT TAYLOR, NORMAN CHANDLER, and JAMES R. JOHNSON, | ) ) ) ) ) ) |
|     Defendants/Counter-Plaintiffs. | ) |

## DEFENDANTS' *DAUBERT* MOTION TO EXCLUDE THE EXPERT REPORT AND TESTIMONY OF GARY BOWERS AND PLAINTIFF CHRISTOPHER JARVIS

COMES NOW the Defendants, TaylorChandler, LLC, T. Britt Taylor, Norman Chandler, and James R. Johnson (collectively, the "Defendants"), by and through the undersigned counsel, and file this their *Daubert* motion to exclude the expert report and testimony of Gary Bowers and Plaintiff Christopher Jarvis. In support thereof, Defendants state as follows:

### INTRODUCTION

Defendants previously filed a Motion to Strike Plaintiff's Expert Disclosure and Exclude Plaintiff's Expert Witnesses and Brief in Support Thereof on February 19, 2019. (Doc. 57). Defendants incorporate all facts and arguments found therein to support this Motion and supply this supplemental argument.

### ARGUMENT

The Eleventh Circuit requires district courts to engage in a "rigorous three-part inquiry that considers whether an expert:

> "(1) … is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue."

*Nicholson v. Pickett*, No. 1:13-CV-322-WKW, 2016 WL 854370, at *4 (M.D. Ala. Mar. 4, 2016) (quoting *U.S. v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004)). The burden to establish each of these prongs rests with the proponent of the expert. See *Nicholson*, 2016 WL 854370, at *4. In *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 151 (1999), the U.S. Supreme Court held that Daubert's principles apply equally to "experience-based" experts whose methodologies do not rely on traditional "scientific principles." However, "[s]ometimes the specific Daubert factors will aid in determining reliability; sometimes other questions may be more useful." *U.S. v. Frazier*, 387 F.3d 1244, 1262 (11th Cir. 2004). District courts are therefore given "considerable leeway" in deciding "how to go about determining whether particular expert testimony is reliable." *Id*.

## I. The Expert Report and Testimony of Gary Bowers Should Be Excluded

Plaintiff proffered Gary Bowers as an expert witness to "opine on Mr. Jarvis' damages in this matter." (Rule 26(a)(2) Disclosure of Expert Testimony of Plaintiff Christopher Jarvis at p. 2, attached as **Exhibit A**). Defendants previously briefed this issue in Doc. 57 and merely seek to supplement to include Mr. Bowers' testimony regarding his analysis as to Mr. Jarvis' 2017 salary and bonus. Previously, Defendants argued that Mr. Bowers failed to take into account that the 2017 salary was merely a continuation of the 2016 salary and that the continued payment of the salary was a mere act of generosity on the Defendants' part since he was entitled to no salary.

As background, Mr. Bowers began his analysis as to 2017 salary by pointing out that Mr. Jarvis was to be paid $833.33 per EOC, provided there are at least 36 captives. (Gary Bowers Expert Report at p. 10, attached as **Exhibit B**). Mr. Bowers' probative analysis to verify that there

were 16 EOCs based on Mr. Jarvis' statements was to take Mr. Jarvis' overall paid salary of $16,032 and divide this number 833.33. This resulted in a number 16.08776 which he held was consistent with Mr. Jarvis' statement. (Ex. B). In his deposition, Mr. Bowers admitted he completely overlooked the fact that Mr. Jarvis was paid the same amount of money from the beginning of his employment in 2016, when he was guaranteed, $15,000 per month, until he was terminated in May 2017. (Deposition of Gary Bowers, 74-84 attached as **Exhibit C**).

## II.  The Expert Report and Testimony of Christopher Jarvis Should Be Excluded

Plaintiff identified Mr. Jarvis as a Rule 26(a)(2)(C) expert witness, which does not require submission of a complete expert report complying with *Fed. R. Civ. P.* 26(a)(2). However, Plaintiff is inappropriately attempting to utilize Rule 26(a)(2)(C) as a tool to have himself act as a retained expert without meeting the requisite disclosure requirements for those experts. In reality, Mr. Jarvis is an expert under Rule 26(a)(2)(B), and he should have prepared an expert report. His failure to do so should exclude him as an expert witness.

Rule 26(a)(2)(C) of the *Federal Rules of Civil Procedure* was specifically designed with "physicians or other health care professionals" in mind. *See Fed. R. Civ. P.* 26(a)(2)(C) 2010 Advisory Committee Notes. The reasons are obvious. For example, a treating physician, who has personal factual knowledge of an incident, may also need to provide expert testimony to further explain his or her factual knowledge of an incident. Given the nature of such disclosures, Courts typically require less detail than the report of traditionally retained experts. In fact, the Advisory Committee Notes indicate: "Court must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have." *Fed. R. Civ. P.* 26(a)(2)(C) 2010 Advisory Committee Notes.

Usually when distinguishing between Rule 26(a)(2)(B) and (C) expert witnesses, the case law focuses on treating physicians. Judge Carnes articulated the differences in a detailed analysis.

*See Kondragunta v. Ace Doran Hauling & Rigging Co.,* 2013 WL 1189493 (N.D. Ga. Mar. 21, 2013). Judge Carnes explained that a "treating physician may be subject to Rule 26(a)(2)(C) as to portions of his or her testimony and may be deemed a retained or specially employed expert who is subject to Rule 26(a)(2)(B) as to other portions." Relying on a first impression case from the Ninth Circuit, the court acknowledged that "a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment." *Id.* at *11. (citation omitted). The court continued, explaining "when a treating physician morphs into a witness hired to render expert opinions that go beyond the usual scope of a treating doctor's testimony, the proponent of the testimony must [provide a written Rule 26(a)(2)(B) report]." *Id.* at *11 (citation omitted). Finally, Judge Carnes concluded that "if a physician's opinion regarding causation or any other matter was formed and based on observations made during the course of treatment, then no Subsection B report is required." *Id.* at *12. But if "the physician's opinion was based on facts gathered outside the course of treatment, or if the physician's testimony will involve the use of hypotheticals, then a full [S]ubsection B report will be required." *Id.*

The Expert Disclosure of Mr. Jarvis submitted by Plaintiff is fatally deficient, as he fails to include any facts to support the disclosure, and he does not offer opinions on many of the areas he proposed to offer expert testimony. Plaintiff declares that he will be presenting evidence under *Fed. R. Civ. P.* 26(a)(2)(C). A witness so designated is required to (1) state "the subject matter on which the witness is expected to present evidence" and (2) offer "a summary of the facts and opinions to which the witness is expected to testify." *Fed. R. Civ. P.* 26(a)(2)(C).

The designation of subject matter by Mr. Jarvis only satisfies one requirement under the witness disclosure rule; he is required to provide an opinion and supporting facts as to each of the proposed subjects. The Middle District recently addressed the standards of disclosure under *Fed.*

*R. Civ. P.* 26a)(2)(C) in *Heard v. Town of Camp Hill* and held that a party fails to meet those standards when he does "little more than sketch out the broad contours of the subjects about which his experts will testify." 2017 WL 3622781, at *3-4 (M.D. Ala. Aug. 23, 2017). In *Heard*, the Court noted that in a 20-page disclosure, Plaintiff failed to provide any opinion beyond the fact that he would provide an opinion. What those opinions would be were not known or disclosed, nor were any opinions linked to the facts on which they were based, as required by Rule 26(a)(2)(C). *Id.* Plaintiffs designation suffers from the same deficiencies in that it lacks opinions, and to the extent there is any opinion, it fails to identify the facts upon which the opinion is based.

      Mr. Jarvis' deposition testimony was no more enlightening.

      Q.    Are you aware that you were disclosed as a party expert in this matter?

      A.    Yes.

      Q.    Okay. It says you will testify concerning the captive management industry. What should we expect you to testify regarding that topic?

      A.    I have no idea what questions what my attorney is going to ask me, but whatever he asks, I'm happy to answer based on my experience in the captive space dating back to 1995.

      Q.    Okay. And what facts will you base that on beyond your experience?

      A.    My experience, things that I've read, things that I've seen.

      Q.    What about for the best practices for the operation of effective captive management business?

      A.    Experience with my own companies and companies that I've worked with in the past, material that I've read, conferences that I've attended, interactions I've had with other professionals.

      Q.    Okay. It says that you're expected to testify that there was no 2016 revenue shortfall as that term is defined in the ownership interest purchase agreement. What facts do you base that on?

      A.    Base that on the financials. The financials of the firm, the knowledge of the clients, the understanding of the engagement letters, the annual fees, how the industry works, and I'm sure other things.

(Christopher Jarvis Deposition, 328:10-329:19 attached as **Exhibit D**). Mr. Jarvis was asked additional questions during his deposition regarding the topics on which he expected to testify, yet Mr. Jarvis failed to articulate any opinions that would meet the requirements of Rule 26(a)(2)(C). (Ex. D, Jarvis Dep., 329:20-335:7).

Plaintiff's designation of himself as a Rule 26(a)(2)(C) expert witness is not only deficient, but also inappropriate. The Rule simply is not contemplated to be used for witnesses like Mr. Jarvis and the opinions he seeks to offer. Mr. Jarvis is actually an expert under Rule 26(a)(2)(B), and was required to prepare a proper expert report.

## **CONCLUSION**

For this and the other foregoing reasons articulated in Document 57, Defendants request that this Court grant their motion to exclude the expert report and testimony of Mr. Bowers and Mr. Jarvis from this proceeding.

*Respectfully submitted* this 12th day of November, 2019.

                */s/ Royal C. Dumas*
                Royal C. Dumas (ASB-1404-R60D)
                J. Evans Bailey (ASB-9995-J61B)
                **Attorney for Defendants**

**OF COUNSEL:**
RUSHTON, STAKELY,
 JOHNSTON & GARRETT, P.A.
184 Commerce Street
Montgomery, Alabama 36104
(334) 206-3114
(334) 481-0848 (fax)
Email: rcd@rushtonstakely.com
      ebailey@rushtonstakely.com

## CERTIFICATE OF SERVICE

      I hereby certify that on this **12th** day of **November, 2019**, I electronically filed the above and foregoing document via CM/ECF system which will send notification of such filing to the following electronically:

Timothy Cleveland, Esq.
Kevin Terrazas, Esq.
CLEVELAND TERRAZAS PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
Email: tcleveland@clevelandterrazas.com
        kterrazas@clevelandterrazas.com

Marcus Maples, Esq.
BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ, P.C.
420 North 20 Street
Wells Fargo Tower
Birmingham, Alabama 35203
Email: mmaples@bakerdonelson.com

                                      */s/ Royal C. Dumas*
                                      OF COUNSEL