IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER JARVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:17-cv-396-ALB |
| | ) |
| TAYLORCHANDLER, LLC, | ) |
| T. BRITT TAYLOR, | ) |
| NORMAN CHANDLER, and | ) |
| JAMES R. JOHNSON, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiff's motion for partial summary judgment. (Doc. 147). Plaintiff seeks summary judgment on Counts I (breach of the employment agreement), II (breach of the restrictive covenants agreement), III (breach of the purchase agreement), IV (breach of fiduciary duty to JadeRisk, LLC), V (breach of fiduciary duty to TaylorChandler LLC), VI (negligence), and VIII (fraud), *see* Doc. 147 at 17-35, alleged in Defendants' Second Amended Counter-claim. *See* Doc. 89 at 14-21. Plaintiff also seeks summary judgement on Count IV (breach of the employment agreement), *see* Doc. 147 at 36-38, alleged in his Second Amended Complaint. *See* Doc. 82 at 27-28. After consideration, Plaintiff's motion is DENIED.

## STANDARD

The court will grant summary judgment when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc). The moving party need not produce evidence disproving the opponent's claim; instead, the moving party must demonstrate the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In turn, the nonmoving party must go beyond mere allegations to offer specific facts showing a genuine issue for trial exists. *Id.* at 324. When no genuine issue of material fact exists, the court determines whether the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

## DISCUSSION

Plaintiff raises three arguments in his motion for summary judgment. None is persuasive.

First, Plaintiff says that he is due summary judgment on Counts I, II, V, and VI because Defendants have failed to adduce any evidence that would create a genuine issue of fact that Jarvis competed with them or encouraged their clients to leave them. *See* Doc. 147 at 15. In their opposition brief, Defendants cite a series of marketing activities and emails between Jarvis and clients of Defendants, which Defendants argue suggest that Jarvis competed with them. *See* Doc. 165 at 8-15. In

Plaintiff's reply brief, he argues that Defendants construe this evidence as competition based on an incorrect reading of the non-competition agreement. *See* Doc. 177 at 4. The Court concludes that the activities alleged by Defendants are enough to create a genuine dispute of material fact as to whether Jarvis was engaged in competition in violation of the agreement. The correct interpretation of the agreements Jarvis signed and whether his activities breached those agreements are factual controversies that will be decided at trial.

Second, Plaintiff argues he is due summary judgment on Counts III, IV, and VIII because, despite Defendants' claim that Jarvis misrepresented that he could deliver 75 captives at the time of acquisition, "each of the Defendants have admitted via deposition that they knew that they were buying a company with approximately thirty-five clients." Doc. 147 at 16. Defendants argue that their testimony pertained only to "active captives under management," and that the 75 figure they expected was based on a series of communications leading up to the acquisition that discussed future captives committed to formation. *See* Doc. 165 at 40. In his reply brief, Plaintiff discussed one of those communications: in an email, Jarvis writes that "[i]f [Defendants] are concerned that we won't have 36-40 captive management clients by the end of the year, I would like to put you at ease." Doc. 177 at 2. Plaintiff fixates on the limited nature of that sentence. Defendants argue, however, that the number of captives under management is different than the number of captives that

3

Plaintiff promised. There is a genuine issue of fact about the parties' reasonable expectations at the time of contracting that precludes summary judgment.

Third, Plaintiff asks that the Court grant a partial summary judgment on Count IV of his second amended complaint against Defendants. Plaintiff argues that there is no dispute he is owed $175,000 of deferred salary from 2016 and an additional $160,000 in captive origination bonuses. *See* Doc. 147 at 36-37. Defendants argue that "Plaintiff is not entitled to summary judgment on this claim because there is substantial evidence that he breached his employment agreement." *See* Doc. 165 at 2. Specifically, Defendants allege that Jarvis marketed captives through JarvisTower by distributing promotional material that he did not have permission to use and encouraging existing clients of Defendants to dissolve their captive insurance companies. *See* Doc. 165 at 20-26. Although, as Plaintiff points out in his reply brief, Defendants do not explicitly engage with his argument that the contract affords him deferred compensation, *see* Doc. 177 at 1, it is enough that Defendants have created an issue of genuine fact about whether Plaintiff breached the agreement, as a breach could excuse Defendants from their own performance under the contract.

## **CONCLUSION**

Accordingly, Plaintiff's motion for summary judgment as to Counts I, II, III, IV, V, VI, and VIII of Defendant's Second Amended Counter-Claim, and partial summary judgement as to Count IV of his Second Amended Complaint, is DENIED.

4

**DONE** and **ORDERED** this 17th day of January 2020.

           /s/ Andrew L. Brasher
           ANDREW L. BRASHER
           UNITED STATES DISTRICT JUDGE